# United States District Court

### WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
v.
**TREYLON TYRONE URQUHART**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:11-CR-48

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq
  - ☒ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 33 years old and has lived in Grand Rapids for 20 years. He has no current employment since the bar he worked for was closed for other reasons in September 2010. Thus, he has no current income, but does have some outstanding debts for child support. He has smoked marijuana daily since high school with a brief hiatus in the middle of 2010. Defendant's criminal history began about a dozen years ago when he was convicted of retail fraud and subsequently attempted uttering and publishing. Although he was placed on probation under the Holmes Youth Trainee Act, probation was subsequently revoked when he failed to appear on another charge, resulting in him (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community or the presence of the defendant in light of the unrebutted presumption. In the alternative, his steady drug use (combined with his three drug convictions) and his fleeing and eluding and resisting and obstructing charges, defined as violent offenses by the Sixth Circuit, while already on probation, convince the court he would be a danger to the community if released on bond because (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: March 1, 2011

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq. ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq. ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:11-cr-00048-RJJ    ECF No. 58,  PageID.85    Filed 03/02/11    Page 2 of 2

United States v. **TREYLON TYRONE URQUHART**
1:11-CR-48
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

being held in contempt of court.  At the end of 2000, he was given a one-year jail term for delivery of less than 50 grams of a controlled substance and then placed on probation.  While on probation for that charge, he apparently was convicted of possessing marijuana and was held in contempt of court for failing to complete work crew hours on the marijuana charge.  He also violated his probation for the delivery charge when he was convicted of fleeing and eluding third and attempted resisting and obstructing of a police officer in 2002, for which he received 9 months.  In May 2005 he was convicted for the use of marijuana and a warrant had to be issued for his arrest when he failed to appear six months later for an order to show cause.  More recently he has been convicted of disturbing the peace and found not guilty of assault and battery and the resisting and obstructing a police officer.

**Part II - Written Statement of Reasons for Detention** - (continued)

he would not be amenable to supervision.